IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHOULDER INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _________ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CATALYST ORTHOSCIENCE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shoulder Innovations, Inc. ("Shoulder" or "Plaintiff"), by and through its undersigned attorneys, hereby complains of Defendant Catalyst Orthoscience Inc. ("Catalyst" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of Shoulder's United States Patent No. 11,771,561 ("the '561 patent") under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*.

**THE PARTIES**

2. Plaintiff Shoulder Innovations, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business and headquarters located at 1535 Steele Ave SW Suite B, Grand Rapids, MI 495071.

3. Defendant Catalyst Orthoscience Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 14710 Tamiami Trail N, Naples, FL 34110. Catalyst may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. Shoulder asserts claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Catalyst at least because Catalyst is organized and exists under the laws of the State of Delaware. Shoulder is informed and believes, and thereon alleges, that Catalyst resides in this judicial district, has systematic and continuous contacts in this judicial district, regularly and systematically transacts business within this district, and regularly avails itself of the benefits of this judicial district. Shoulder's causes of action arise, at least in part, from Catalyst's contacts and activities in the State of Delaware.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Catalyst is a Delaware corporation that resides in this judicial district. In addition, upon information and belief, Catalyst has committed acts of infringement in the State of Delaware.

## THE PATENT-IN-SUIT

7. Shoulder realleges and reincorporates by reference the allegations set forth in Paragraphs 1-6 of this complaint.

8. United States Patent No. 11,771,561 titled "Total Reverse Shoulder Systems and Methods" ("the '561 patent") is a valid, enforceable patent that the United States Patent and Trademark Office duly and lawfully issued on October 3, 2023, in full compliance with Title 35 of the United States Code. A true and correct copy of the '561 patent is attached to this complaint as Exhibit A.

9. Shoulder is the owner by assignment of the ’561 patent with ownership of all substantial rights in the ’561 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

**FIRST CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 11,771,561**

10. Shoulder incorporates by reference and realleges each of the allegations set forth in paragraphs 1-9 of this Complaint.

11. Shoulder alleges that Catalyst has directly infringed literally and/or through the doctrine of equivalents at least one claim of the ’561 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, reverse shoulder systems, including but not limited to the Archer™ R1 Reverse Shoulder System (“Accused Products”) in violation of 35 U.S.C. § 271(a). Catalyst continues to engage in acts of direct infringement of the ’561 patent.

12. Exhibit B shows an exemplary claim chart demonstrating how the Accused Products infringe at least claim 1 of the ’561 patent. See also Exhibits C-F.

13. By its unauthorized making, using, selling, offering to sell, and/or importing the Accused Products, Catalyst has been and still is infringing one or more claims of the ’561 patent, literally or under the doctrine of equivalents.

14. Catalyst has knowledge of the ’561 patent at least as early as the date of this Complaint. Moreover, Shoulder provided actual written notice to Catalyst of its infringing activities through written correspondence on May 4, 2023.

15. By selling the Accused Products, which Catalyst knows meet each and every limitation of at least claim 1 of the ’561 patent, and instructing and encouraging its customers and

users to use them in an infringing manner, Catalyst is inducing infringement of the '561 patent in violation of 35 U.S.C. § 271(b).

16. The Accused Products sold by Catalyst constitute a material part of the invention recited in claim 1 of the '561 patent, which is not a staple article or commodity of commerce suitable for substantial non-infringing use. Moreover, at least as a result of having been put on notice of the '561 patent, Catalyst knows that the Accused Products are especially made or especially adapted for use in a manner that infringes the '561 patent. Accordingly, Catalyst's sale of the Accused Products contributes to infringement of at least claim 1 of the '561 patent by its customers in violation of 35 U.S.C. § 271(c).

17. Shoulder is informed and believes, and thereon alleges that Catalyst's infringement of the '561 patent has been, and continues to be, willful, deliberate, and intentional with full knowledge that the Accused Products infringe the '561 patent, and that its conduct amounted to infringement of the '561 patent.

18. As a consequence of Catalyst's infringement of the '561 patent, Shoulder has been damaged and is entitled to monetary relief in an amount to be determined at trial.

19. Unless enjoined, Catalyst and/or others acting on behalf of Catalyst will continue their infringing acts, thereby causing additional irreparable injury to Shoulder for which there is no adequate remedy at law.

20. Catalyst's infringement of the '561 patent has been willful and deliberate, entitling Shoulder to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Shoulder prays for judgment in its favor and respectfully requests that the Court enter a judgment as follows:

A. Pursuant to 35 U.S.C. § 271, a determination that Catalyst has infringed, directly and indirectly, one or more claims of the '561 patent through the manufacture, use, offer for sale, sale and/or importation of infringing products, literally or under the doctrine of equivalents, and by way of inducement and contributory infringement;

B. Pursuant to 35 U.S.C. § 283, an injunction, including preliminary and permanent injunctive relief, enjoining Catalyst and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from further infringing the '561 patent, and from the making, using, selling, offering for sale and/or importing infringing products;

C. Pursuant to 35 U.S.C. § 284, an award of damages sufficient to compensate Shoulder for Catalyst's infringement;

D. Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Catalyst's willful infringement;

E. Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and costs;

F. Pursuant to 35 U.S.C. § 284, an award of prejudgment and post-judgment interest against Catalyst;

G. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Shoulder hereby respectfully demands a trial by jury of all issues so triable raised by the Complaint.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
Lindsey M. Geller (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Plaintiff*
*Shoulder Innovations, Inc.*

OF COUNSEL:
Jon W. Gurka
CROWELL & MORING LLP
3 Park Plaza, Suite 20
Irvine, CA 92614
(949) 798-1331

Andrew McElligott
Ryan Fitzgerald
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200

Dated: February 28, 2024