IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHOULDER INNOVATIONS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | C.A. No. 24-266-JPM |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CATALYST ORTHOSCIENCE INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT CATALYST ORTHOSCIENCE INC.'S ANSWER TO
PLAINTIFF SHOULDER INNOVATIONS, INC.'S COUNTERCLAIMS**

Defendant Catalyst OrthoScience Inc. ("Catalyst"), for its answer to the counterclaims of Shoulder Innovations, Inc. ("SI"), states:

**NATURE OF THE COUNTERCLAIMS**

1. Catalyst admits that SI's counterclaims purport to assert claims for declaratory judgment. Catalyst denies that any claims of U.S. Patent No. 11,007,063 ("the '063 Patent") are invalid. Catalyst further denies that SI did not infringe any claims of the '063 Patent. Catalyst denies the remaining allegations of paragraph 1.

**THE PARTIES**

2. Catalyst is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. Catalyst admits that claims for declaratory judgment can arise under the patent laws Title 35, United States Code, and under 28 U.S.C. §§ 2201, 2202. Catalyst denies the remaining allegations of paragraph 4.

52942761.1

5. Catalyst also admits that district courts have original jurisdiction of certain civil actions under 28 U.S.C. §§ 1331 and 1338(a). Catalyst denies the remaining allegations of paragraph 5.

6. Catalyst admits that this Court has personal jurisdiction over Catalyst because Catalyst is organized and exists under the laws of the State of Delaware. Catalyst denies the remaining allegations of paragraph 6.

7. Admitted.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Alleged Invalidity of the '063 Patent)**

8. In response to the allegations of paragraph 8, Catalyst incorporates by reference its foregoing responses as if fully restated herein.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Alleged Noninfringement of the '063 Patent)**

13. In response to the allegations of paragraph 13, Catalyst incorporates by reference its foregoing responses as if fully restated herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Catalyst denies that SI is entitled to any of the relief sought in the prayer for relief because SI has indeed infringed claims of the '063 Patent and because the asserted claims of the '063 Patent are valid. Catalyst therefore denies SI's prayer for relief in its entirety.

## AFFIRMATIVE AND OTHER ADDITIONAL DEFENSES

### FIRST DEFENSE

The counterclaims fail to state a claim for which relief can be granted.

### RESERVATION OF RIGHTS

Catalyst reserves the right to assert all additional defenses that may be determined during the course of discovery.

### DEMAND FOR JURY TRIAL

Catalyst acknowledges that SI demands a trial by jury on all issues so triable. Catalyst also demands a trial by jury on all issues so triable.

Dated: August 29, 2024

OF COUNSEL:

John F. Bennett
Paul M. Ulrich
Paul J. Linden
Ava M. Abner
**FROST BROWN TODD LLP**
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
(513) 651-6426
jbennett@fbtlaw.com
pulrich@fbtlaw.com
plinden@fbtlaw.com
aabner@fbtlaw.com

*/s/ Michelle C. Streifthau-Livizos*
James D. Taylor, Jr. (#4009)
Michelle C. Streifthau-Livizos (#6584)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
(302) 421-6800
james.taylor@saul.com
michelle.streifthau-livizos@saul.com

*Attorneys for Defendant*
*CATALYST ORTHOSCIENCE INC.*