IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOULDER INNOVATIONS, INC., )<br>)<br>Plaintiff/Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>CATALYST ORTHOSCIENCE INC., )<br>)<br>Defendant/Counterclaim-Plaintiff. )<br>) | C.A. No. 24-266-JPM |

**ORDER BIFURCATING AND STAYING COUNTERCLAIMS 6–8**

Before the Court is a Motion to Dismiss Counterclaims 6–8 under FRCP 12(b)(6), or in the Alternative, to Stay Counterclaims 6–8, filed on September 12, 2024, by Shoulder Innovations, Inc. ("Shoulder" or "Plaintiff"). Because resolution of the patent claims will likely simplify Counterclaims 6–8, the Court hereby **BIFURCATES AND STAYS** the Counterclaims.

I.   **BACKGROUND**

   A.   **Complaint and Patents**

On February 28, 2024, Plaintiff filed a patent infringement lawsuit against Defendant Catalyst OrthoScience, Inc. ("Defendant" or "Catalyst"). (ECF No. 1). This dispute relates to the claimed inventions of U.S. Patent Nos. 11,771,561 ("'561 Patent") and 12,023,254 ("'254 Patent") (collectively, "the Asserted Patents"), as well as U.S. Patent No. 11,007,063 ("'063 Patent"). (Id.; ECF No. 13 at PageID 106.) The Asserted Patents generally relate to reverse shoulder implants that include a baseplate secured to the glenoid scapular bone. (Id. at PageID 6, 37.)

1

B.  **Procedural Posture**

The Original Complaint asserted infringement the '561 Patent. (ECF No. 1 at PageID 1.) Defendant's Initial Answer and Counterclaims, filed March 20, 2024, asserted infringement of the '063 Patent. (ECF No. 13 at PageID 106.)

On July 18, 2024, Plaintiff filed its Amended Complaint, asserting infringement of both the '561 and '254 Patents. (ECF No. 39.) On August 1, 2024, Defendant filed its Answer to the Amended Complaint and Counterclaims. (ECF No. 44.) There, Defendant asserted Counterclaims 6–8: the three Counterclaims at issue. (Id. at PageID 490–492.) Counterclaim Six is a counterclaim for sham litigation. (Id. at PageID 490–91.) Counterclaim Seven is a counterclaim for tortious interference with prospective economic advantage. (Id. at PageID 491.) Counterclaim Eight is a counterclaim for abuse of process. (Id. at PageID 491–92.)

On August 15, 2024, Plaintiff filed an initial Motion to Dismiss Counterclaims 6–8. (ECF No. 53.) Plaintiff based its initial Motion on a lack of subject matter jurisdiction, and a failure to state a claim. (Id.) On August 29, 2024, Defendant filed an Amended Answer and Counterclaims, pleading supplemental jurisdiction for the state law tort counterclaims under 28 U.S.C. § 1367. (ECF No. 59 at PageID 916.) Plaintiff then filed the instant Motion—a renewed Motion to Dismiss to Failure to State a Claim. (ECF No. 64.) The Motion was fully briefed on October 3, 2024. (ECF Nos. 65 (Opening Brief), 68 (Answering Brief), 69 (Reply Brief).)

II.  **LEGAL STANDARD**

"A court has broad discretion to grant or deny a motion to stay." Eagle Pharms., Inc. v. Eli Lilly & Co., No. CV 18-1121-MSG, 2018 WL 6201704, at *2 (D. Del. Nov. 27, 2018) (citing Apotex, Inc. v. Senju Pharma. Co., 921 F. Supp. 2d 308, 313 (D. Del. 2013)); see also Fed. R. Civ. P. 42(b).

2

"In exercising that discretion, the court considers: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." Eagle Pharms., 2018 WL 6201704, at *2 (citing Apotex, 921 F. Supp. 2d at 313).

### III.    ANALYSIS

In considering the three factors, the Court finds bifurcating and staying Counterclaims 6–8 is warranted. Each factor is analyzed in turn.

#### A.    Simplification of Issues for Trial

Under this factor, the Court examines whether the issues in Counterclaims 6–8 "will at least be narrowed, if not disposed of entirely, by the resolution of the patent case." See Eagle Pharms., 2018 WL 6201704, at *2; see also Monsanto Co. v. Syngenta Seeds, Inc., 2006 WL 7204491, at *1 (D. Del. Nov. 8, 2006).

Plaintiff asks the Court to bifurcate and stay Counterclaims 6–8 because they would be simpler to resolve after the patent infringement issue is resolved. (ECF No. 54 at PageID 872 (citing DSM IP Assets, B.V. v. Honeywell Int'l, Inc., No. 23-675-WCB, 2024 WL 639991, at *5-6 (D. Del. Feb. 15, 2024); In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986)).) Plaintiff argues this will streamline the case and avoid burdening the parties with more discovery. (Id. at PageID 872.)

Defendant disagrees, stating Plaintiff has not met its burden to bifurcate or stay the Counterclaims. (ECF No. 68 at PageID 1322–23.)[1] Defendant argues Plaintiff's reliance on DSM

---

[1] Defendant argues the correct method of analysis is to examine "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

3

IP Assets is misplaced, as the court there only stayed the counterclaims because there were additional Sherman Act counterclaims on top of the sham litigation and tortious interference counterclaims.  (ECF No. 68 at PageID 1322–23 (citing 2024 WL 639991, at *5).)

The Court finds Plaintiff's argument persuasive.  Regardless of the existence of a separate antitrust claim under the Sherman Act, Defendant will still need to prove objective and subjective baselessness under Noerr-Pennington to succeed on its Counterclaims.  See Eurand Inc. v. Mylan Pharms. Inc., No. CIV.08-889-SLR, 2009 WL 3172197, at *2 (D. Del. Oct. 1, 2009) (citing Prof'l Real Estate Investors v. Columbia Pictures Indus., 508 U.S. 49, 60–61 (U.S.1993)).  These are issues which overlap considerably with the issues in the patent infringement case.  See DSM IP Assets, 2024 WL 639991, at *5.

Inquiry into patent infringement informs whether the patent claim is meritless or "objectively baseless" under Noerr-Pennington, see Tyco Healthcare Grp. LP v. Mut. Pharm. Co., 762 F.3d 1338, 1343 (Fed. Cir. 2014).  DSM IP Assets, 2024 WL 639991, at *5.  A specific advantage of bifurcating and staying Counterclaims 6–8 is the post-grant review ("PGR") cited by Defendant as showing objective baselessness, (see ECF No. 44 at PageID 482), will be decided by the end of the patent infringement case.  (See ECF No. 79 at PageID 1492.)  The PGR is a central portion of Defendant's argument—an institution or even a final decision on the merits by the USPTO would significantly simply the issues for trial.

---

other parties interested in the proceeding; and (4) where the public interest lies." (ECF No. 68 at PageID 1322 (quoting Randolph Twp. Bd. of Educ., Morris Cnty., New Jersey v. M.T., No. 22-2540, 2023 WL 4265760, at *2 (3d Cir. June 29, 2023) (citation omitted)).)  However, Randolph involves a motion to stay enforcement.  See 2023 WL 4265760, at *2.  Here, the motion to stay involves staying Counterclaims 6–8 to a later date. That is within the "broad discretion" of the Court.  See Eagle Pharms., 2018 WL 6201704, at *2.

4

Furthermore, inquiry into the strength of a patent claim is "clearly relevant" to the subjective prong of Noerr-Pennington, see Tyco Healthcare, 762 F.3d at 1343. DSM IP Assets, 2024 WL 639991, at *5.

Thus, "it is likely that resolution of the patent infringement claim will significantly simplify the claims arising from the sham litigation allegation and may even moot [Counterclaims 6–8] altogether." Id.; (see also ECF No. 79 at PageID 1492 ("if [Plaintiff] succeeds on its patent claims, there can be no sham litigation").) This further promotes judicial economy and weighs in favor of bifurcating and staying Counterclaims 6–8. See Eurand, 2009 WL 3172197, at *2 (D. Del. Oct. 1, 2009).

### B. Stage of Discovery, Trial Date

The Court thus moves to the next factor—whether discovery is complete and a trial date set. See Cephalon, Inc. v. Sandoz Inc., No. CIV. 10-123-SLR, 2011 WL 1750446, at *2 (D. Del. May 5, 2011). The Court finds this factor weighs in favor of bifurcating and staying Counterclaims 6–8. It is still months until the end of fact discovery. (See ECF No. 19 at PageID 227.) While a trial date has been set, it is tentatively slated for early 2026. (See id. at PageID 237; ECF No. 79 at PageID 1518 (noting the possibility of moving the trial from March to January 2026).) Due to the far-off nature of the trial and the ongoing nature of discovery, this factor weighs in favor of bifurcating and staying Counterclaims 6–8. See Eagle Pharms., 2018 WL 6201704, at *3.

### C. Undue Prejudice

Defendant's main counterargument against bifurcating and staying Counterclaims 6–8 centers around expense of discovery. (See ECF No. 68 at PageID 1323; ECF No. 79 at PageID

5

1488–90.)[2]  Defendant argues "the discovery [between the patent infringement case and Counterclaims 6–8] will overlap considerably, requiring substantially the same witnesses, evidence, and facts."  (ECF No. 68 at PageID 1323.)  However, Defendant can still proceed with discovery on overlapping issues relevant to patent infringement, even with a stay in place.  See Eagle Pharms., 2018 WL 6201704, at *3.  Indeed, "discovery relevant to the patent infringement counterclaims . . . will not be prohibited from seeking this discovery simply because it overlaps with the antitrust claims in this action."  Id.

When Parties and the Court reach the issues of Counterclaims 6–8 after determining the merits of the patent infringement action, Defendant will still have the ability to use the same discovery taken earlier to determine, for example, objective baselessness.  To the extent Parties will have to re-depose witnesses, that does not outweigh the other two factors.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to bifurcate and stay Counterclaims 6–8 is **GRANTED**.  The Court does not reach the merits of the Motion to Dismiss for Failure to State a Claim.

**SO ORDERED**, this 19th day of December, 2024.

 /s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE

---

[2] Defendant did not specifically make an undue prejudice argument involving expense of discovery. However, the Court considers the argument to fit best under this factor.